UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CYNTHIA BYERSON, KRISTINA M. ) <br> CARDWELL, and PAUL CURLEY, ) <br> Individually and on behalf of ) <br> others similarly situated, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.                                            ) <br> ) <br> EQUIFAX INFORMATION SERVICES, ) <br> LLC, TRANS UNION, LLC, and ) <br> EXPERIAN INFORMATION ) <br> SOLUTIONS, INC., ) <br> ) <br> Defendants. ) <br> _____ ) | C/A NO.: 6:07-cv-00005-GRA <br><br><br><br><br><br><br> ORDER <br> (Written Opinion) |

This matter is before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") Motion to Dismiss for Lack of Prosecution under Federal Rule of Civil Procedure 41(b) filed on December 17, 2008. Defendant Equifax Information Services, LLC ("Equifax") also filed a Motion to Dismiss and joined Experian's motion on December 29, 2008. Transunion, LLC ("Transunion") also joined the Motion to Dismiss on January 5, 2009. The Court held oral argument on the motion January 6, 2009. For good cause shown and the reasons stated herein, the Court hereby **GRANTS** Defendants' motions to dismiss and dismisses this action with prejudice. Plaintiffs' motion to abate is **DENIED AS MOOT**.

This case was filed on August 30, 2006 claiming a violation under the Fair Credit Reporting Act. The plaintiffs allege that the defendants improperly reported the

credit limits for Capital One Bank credit card holders and failed to follow reasonable procedures to assure accuracy in the preparation of consumer credit reports. Specifically, the plaintiff alleged that Capital One did not provide the credit reporting agencies with the credit limits associated with individual Capital One credit cards and that the credit agencies did not do their duty to accurately determine credit limits. With leaving the credit limit field blank, the balance reached on the credit card appears to be the card's limit.  This practice allegedly damaged or could have damaged the plaintiffs' credit history.

A few months prior to the filing of the instant case, William Harris filed a similar case in South Carolina.  The Byerson case was originally filed in the Eastern District of Virginia but was transferred to South Carolina on January 30, 2007 due to the similarities with the *Harris v. Equifax, et. al.* cases.  Since its transfer, there has been essentially no activity in the case.  The only activity in the case was a frivolous motion filed by the plaintiff but later withdrawn.  On November 17, 2008, in response to more than 16 months of inactivity in the above case, the Court issued a letter to local counsel for each party to the action instructing the attorneys to inform the Court of the status of the case.  The plaintiffs requested a status conference, which the court held on December 18, 2008.  At the conference, plaintiffs' counsel stated that they have conducted discovery but it was not yet complete.  After the hearing, at the Court's request, Plaintiffs' counsel informed the court that the last deposition taken in this case was on December 11, 2006 while the case was still in Virginia.

According to Rule 41(b) a defendant may move to dismiss if the plaintiff "fails to prosecute."  The court in *Davis v. Williams* identified the standard to follow when considering a motion to dismiss.  The court stated:

> A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of "the sound public policy of deciding cases on their merits." Against this policy, the district court must balance considerations of sound judicial administration, applying four criteria: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a "'drawn out history' of 'deliberately proceeding in a dilatory fashion;'" and (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (internal citations omitted).  Each of those factors is satisfied here.

    1.    **Plaintiffs' Responsibility**.  This case has been pending since August 30, 2006.  The plaintiffs state they performed discovery while the case was pending in Virginia and remained apprised of the proceedings in Harris.  However, since its transfer, there has been no activity in the case with the exception of an improperly filed, frivolous motion that was later withdrawn.  In fact, since July 26, 2007, the date the plaintiffs withdrew the frivolous motion, the plaintiffs have not taken any action of any kind.  Plaintiffs have not engaged in discovery in South Carolina.  Plaintiffs' counsel stated at the hearing that he had not sent any notice of deposition since the transfer. Plaintiffs counsel have not spent any time, money or effort on the case.  This Court recognizes that "the sanction of dismissal operates most directly on the client," *Doyle v. Murray*, 938 F.2d 33, 35 (4th Cir. 1991), however, the clients are not without blame in this matter.  The plaintiffs themselves are responsible for

their attorneys' conduct. The plaintiffs voluntarily choose their representation and must supervise their attorneys' conduct. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962). With nearly two years of inactivity and essentially no discovery, the plaintiffs cannot be held blameless and cannot avoid the consequence of dismissal in their failure to ensure the attorneys prosecute the action.

       2.    **Prejudice**. Defendants would be prejudiced by continuation of this lawsuit. Plaintiffs' lawyers attempt to justify their failure to prosecute by claiming that they should be permitted to sit by and wait for the results in related, but separate and independent, litigation (the *Harris* cases). But since Plaintiffs are not within the class defined in *Harris*, this effectively means that their position is that they should get the benefit of "one-way intervention" in the *Harris* cases. If *Harris* settles, Plaintiffs claim entitlement to participate, asserting that Defendants "undoubtably [sic] will seek a settlement of all similar claims with as broad a release as they can possibly negotiate." *Memorandum in Support of Plaintiffs' Motion to Abate*, at 5. If Plaintiffs in *Harris* lose, no doubt the *Byerson* Plaintiffs will claim that they should be able to take a second bite at the apple by picking up where they stopped two years ago and begin prosecuting their case based on claims relating to the same basic nexus of operative facts, namely, Defendants' issuance of credit reports that included tradelines for Capital One that did not have credit limits. If Plaintiffs in *Harris* win, these Byerson Plaintiffs will claim that they are entitled to collateral estoppel against Defendants, and if not successful in this, will go back and start the litigation process all over again. Federal Rule 23 was

amended in 1966 to prevent the one-way intervention that Plaintiffs seek to practice here. Plaintiffs must either be a part of the class, or litigate on their own without the benefit of collateral estoppel. They have done neither.[1] They are not allowed to sit idly by, watch what happens, and then make a tactical decision to secure the benefits of the resolution of the earlier class action. There are sound reasons for this rule, including the avoidance of duplication of effort and the attendant expenses of such duplication.

Each agency will be required to duplicate discovery and motions practice which could have and should have been done in conjunction with the Harris cases. The plaintiffs claim that this is potential prejudice and it is not the standard in the Fourth Circuit. This argument is without merit. The prejudice resulting from delay is obvious. The defendants will certainly have to reproduce discovery and motions. They will also have to spend more time and money on issues which could have been addressed with the Harris cases.

3. **History of Dilatory Behavior**. Plaintiffs profess that they have no history of proceeding in a dilatory manner. To the contrary, they have essentially done nothing for the last two years. In fact, there has been absolutely no activity in the case for sixteen months. The action was revived only on response to the Court's letter to parties' counsel. This nearly two years' slumber at the bar provides an

---

[1] Plaintiffs have never moved to have a class certified.

irrefutable history of delay.  This is one of the most egregious examples of failure to prosecute ever witnessed by this Court.

4.  **Availability of Lesser Sanctions**.  Finally, there is no appropriate sanction less dramatic than dismissal.  Plaintiffs suggest only that their case should be abated.  But abatement is not a sanction.  Indeed, it is what Plaintiffs have effectively achieved for two years through their strategy of doing essentially nothing to advance their claims.  Moreover, abatement creates the very prejudice about which Defendants complain, as described above.

Balancing sound judicial administration while applying the four consideration, the Court finds that is proper to dismiss the pending action.

IT IS THEREFORE ORDERED THAT the case is DISMISSED with prejudice.

IT IS ALSO ORDERED THAT the plaintiffs' Motion to Abate is DENIED AS MOOT.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January  9 , 2009

Anderson, South Carolina